**UNITED STATES of America, Appellee,**

v.

**Carol Ann PALESKY,**
**Defendant, Appellant.**

**No. 88–1154.**

United States Court of Appeals,
First Circuit.

Heard July 27, 1988.

Decided Sept. 1, 1988.

Thomas C. Newman, with whom Peter L. Murray, by Appointment of the Court, and Murray, Plumb & Murray, were on brief, for defendant, appellant.

F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., was on brief, for appellee.

Before BOWNES, TORRUELLA and NOONAN,* Circuit Judges.

NOONAN, Circuit Judge.

Carol Ann Palesky appeals an order committing her to the custody of the Attorney General. We reverse and remand.

## PROCEEDINGS

Carol Ann Palesky, born in 1940, is the mother of two children and grandmother of three. She has been employed as a manager in a bank customer service department and as an accountant for an attorney. In 1981, she was hospitalized after an automobile accident. Since that time she has suffered varying degrees of depression, memory lapses, difficulty with concentration, and several episodes of amnesia, the most notable of these occurring during the hold-up of a bank in 1986.

On June 5, 1987 Palesky in a trial before Judge Edward T. Gignoux was found not guilty of bank robbery only by reason of insanity. Judge Gignoux did not at once commit Palesky to the custody of the Attorney General pursuant to 18 U.S.C. § 4243(a) and (e), but instead released her to her husband while ordering her to undergo a psychological examination.

Prior to the trial for bank robbery, Palesky had been convicted of embezzlement in a trial before Judge Gene Carter. On November 29, 1987 Judge Carter sentenced Palesky on this conviction. Judge Carter took note of Palesky's disturbed state of mind and sentenced her to 3 years imprisonment with the recommendation that her incarceration be at the hospital facility of the federal correctional institution in Lexington, Kentucky "where she can have access to psychiatric services." He further recommended that Palesky be entered in a group therapy program to address her present psychiatric and psychological problems and that precautions be undertaken by the institution against her committing suicide or engaging in other forms of harm to herself.

Judge Gignoux had become ill, so that the disposition of the bank robbery case had been transferred to Judge Carter. He attempted to handle this case at the same hearing in which he sentenced Palesky for bank robbery. However, as no notice had been given, this disposition was invalid. He held a new hearing for the bank robbery case on January 15, 1988.

The January hearing is entitled in the transcript of proceedings as one involving sentencing. Judge Carter began the session by indicating that he considered the matter one of sentencing. Judge Carter took into account information that he had received in relation to the sentencing for embezzlement and over Palesky's objection admitted the transcript of the embezzlement sentencing hearing. He then committed Palesky. Palesky appeals.

## ANALYSIS

The difficulty in this case comes from Judge Gignoux, in a humane spirit, not at once committing Palesky as the statute appears to require and from Judge Carter using common sense but not following the text of the statute under which he was acting.

18 U.S.C. § 4243(a) prescribes that if a person "is found not guilty only by reason of insanity at the time of the offense charged, he shall be committed to a suitable facility until such time as he is eligible for release pursuant to subsection (e)." To follow the statute, Palesky should be ordered committed to a suitable facility. After that commitment she is entitled within 40 days to a hearing at which she will have to prove that her release "would not create a substantial risk of bodily injury to another person or serious damage of property of another." 18 U.S.C. § 4243(d). There is no statutory basis for holding a (d) hearing at the same time that commitment under (a) is ordered. Judge Carter appears to have acted only in terms of (d).

We remand so that Palesky's commitment may be ordered in conformity with section 4243(a). Under the circumstances we assume the suitable facility will be the hospital in Lexington, Kentucky, at least until she is released from incarceration on

---

* Of the Ninth Circuit, sitting by designation.

**36**

the embezzlement conviction. She will be entitled within 40 days of the commitment to the hearing prescribed by section (d). We express no opinion as to whether she can be a risk to the property of others while incarcerated in a federal prison although it would seem unlikely.

The parties have argued vigorously the question of whether the Federal Rules of Evidence should apply at the hearing where she will try to prove that her release would not create a risk. Fed.R.Evid. 1101(d)(3) provides that the rules do not apply to "proceedings with respect to release on bail or otherwise." Palesky argues that the exception is tailored to the Bail Reform Act of 1966, 18 U.S.C. § 3146, citing the Notes of the Advisory Committee on this section of the rules.

We agree that the exception was framed with the Bail Reform Act in mind, but we see no reason to confine the exception to this specific example. Release from custody under these special circumstances bears a certain analogy to release on bail. A court determining release should not be too confined in the kinds of evidence it considers. We consequently hold that the Federal Rules of Evidence need not be followed.

REVERSED AND REMANDED.