United States v. Commey

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                        10-3705

AARON AMARTEI COMMEY,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Aaron Amartei Commey, pro se,
                        FMC Devens, Ayer, MA.

FOR APPELLEES:          Susan Corkery and Whitman Knapp,
                        Assistant United States
                        Attorneys, for Loretta E. Lynch,
                        United States Attorney, Eastern
                        District of New York, Brooklyn,
                        NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Trager, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Aaron Amartei Commey, <u>pro se</u>, appeals from the district court's denial of his motions to: (1) release him from civil commitment; (2) vacate his commitment order on the grounds that his due process rights were violated; (3) exclude expert testimony and evidence; and (4) find the government's expert witness in contempt. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

## I. Commitment Determination

Whether an individual is mentally ill or dangerous is a question of fact, reviewable for clear error. <u>See</u> <u>United States v. Prescott</u>, 920 F.2d 139, 146 (2d Cir. 1990); <u>see also</u> <u>United States v. Stewart</u>, 452 F.3d 266, 273 (3d Cir. 2006) (concluding that all the circuits that have considered the issue have held that orders of commitment are reviewable for clear error).

When, as here, "a person [has been] found not guilty only by reason of insanity of an offense . . . involving a substantial risk of [bodily] injury or [property] damage, [he] has the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d). Upon a review of the record and Commey's arguments on appeal, we conclude that the district court committed no clear error in holding that Commey has not met this burden.

## II. Alleged Due Process Violation

The merits of a due process claim are reviewed <u>de novo</u>. <u>See</u> <u>McKithen v. Brown</u>, 626 F.3d 143, 149 (2d Cir. 2010). In arguing that his hearing was unnecessarily delayed, Commey relies on 18 U.S.C. § 4243(f), which mandates that a court hold a hearing when a facility director files a certificate

stating that an acquittee "has recovered from his mental disease or defect to such an extent that his release, or his conditional release . . . , would no longer create a substantial risk of bodily injury . . . or serious damage to property." However, the facility director never filed such a certificate. The Risk Assessment Panel's 2005 report stated that staff had begun work on a conditional release plan, but until such a plan was completed and communicated to the court, "Mr. Commey still me[t] criteria for commitment under Title 18 U.S.C. Section 4243."

Alternatively, Commey argues that in 2006 he moved for a release hearing pursuant to 18 U.S.C. § 4247(h), and that the failure to hold such a hearing until 2009 violated due process. Commey relies on the Speedy Trial Clause of the Sixth Amendment, which is, however, inapplicable to this civil proceeding. Commey's Fifth Amendment due process argument is defeated by his failure to show that his interests were hurt by any delay. See generally Mathews v. Eldridge, 424 U.S. 319, 335 (1976). The Risk Assessment Panel's report immediately preceding Commey's 2006 motion recommended his continued confinement, as did the three reports released between his motion and the hearing.

**III.    Evidentiary Issues**

"The admission of expert testimony is committed to the broad discretion of the District Court and will not be disturbed on review unless found to be 'manifestly erroneous.'" United States v. Wexler, 522 F.3d 194, 204 (2d Cir. 2008) (internal citation omitted). Commey contends that the admission of the Risk Assessment Panel reports and Dr. Shawn Channell's testimony was erroneous under Federal Rule of Evidence 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc. 509 U.S. 579 (1993). Assuming, arguendo, that the Federal Rules of Evidence apply to Commey's release hearing, the district court committed no error. See United States v. Palesky, 855 F.2d 34, 36 (1st Cir. 1988) (holding that the Federal Rules of Evidence do not apply to hearings held under 18 U.S.C. § 4243(d)). Rule 702 and Daubert do not apply to the 2004, 2005, 2006, 2007, and 2008 Risk Assessment Reports because they were admitted as historical records, not as expert testimony. As to Dr. Channell's expert testimony, Commey's objections bear upon its credibility and weight, rather than its admissibility. Whether Commey's illness had spontaneously remitted so that he was no longer dangerous was a matter of professional

3

disagreement, upon which the district court had wide latitude in admitting testimony.

**IV. Contempt Ruling**

Commey challenges the district court's decision not to hold Dr. Channell in contempt for his initial failure to produce Commey's entire medical record. "A district court's decision not to hold a party in contempt is reviewed by an appellate court for abuse of discretion." <u>Dunn v. N.Y.S. Dep't of Labor</u>, 47 F.3d 485, 490 (2d Cir. 1995).

Assuming, <u>arguendo</u>, that the subpoena clearly required Dr. Channell to produce Commey's entire medical file and that he did not, Dr. Channell explained that he produced all of the records that were in his immediate possession. In any event, Commey was provided with any remaining records before the second hearing date.

Finding no merit in Commey's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, CLERK

4